**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAN MARTINEZ MARTINEZ and IMELDA CABRERA TORRES, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-73385 <br><br> Agency Nos.     A079-542-465 <br>                  A079-542-466 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2011
Pasadena, California

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and BREWSTER,
District Judge.[**]

Adan Martinez Martinez and Imelda Cabrera Torres, natives and citizens of

Mexico, petition for review of a decision by the Board of Immigration Appeals

(BIA) denying their motion to reconsider and reopen the underlying denial of their

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Rudi M. Brewster, Senior District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

application for cancellation of removal for failure to establish exceptional and extremely unusual hardship. We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny in part.

In general, we lack jurisdiction to review the BIA's discretionary determination that Petitioners were ineligible for cancellation of removal, because Petitioners failed to show that removal would result in "exceptional and extremely unusual hardship" to their United States citizen children.[1] 8 U.S.C. § 1229b(b)(1)(D); *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). We also lack jurisdiction to review the BIA's denial of Petitioners' motion to reopen, when the evidence presented is based upon the same hardship grounds involved in the original decision. *Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006). However, we do have jurisdiction to review Petitioners' due process claims. *See Mendez-Castro*, 552 F.3d at 978.

In March 2007, Petitioners filed a motion to reopen or, in the alternative, a motion to remand to the immigration judge to consider a 2007 Individualized Education Program as well as additional documents. The BIA reviewed the

---

[1] Petitioners have two United States citizen children. Petitioners do not address, and therefore have waived any challenge to, the BIA's finding that they failed to produce any evidence of hardship regarding their oldest United States citizen child. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

submitted documents and corrected its earlier error of not addressing a previously-filed motion to remand. The BIA then denied both motions.

The underlying denial of cancellation of removal occurred in February 2007. Petitioners claimed hardship because of their son's diagnosis of Attention Deficit Hyperactivity Disorder (ADHD) with related learning disabilities. In support of their claim, Petitioners submitted a 2004 Individualized Education Program, which included test results and assessments along with a specific plan on how to assist Petitioners and their son with his disabilities. The Board found that Petitioners' son's medical needs were not an exceptional and extremely unusual hardship.

Prior to the February 2007 denial, Petitioners submitted a motion to remand with additional evidence, specifically a report from Dr. Greene, a psychologist, and reports regarding the Mexican education system. The BIA did not address this motion in its February 2007 order. In March 2007, Petitioners offered the 2007 Individualized Education Program as additional evidence of Petitioners' hardship claim as part of their motion to reopen.

The BIA, in its July 31, 2007 Order, (1) denied Petitioners' March 2007 motion to reopen the BIA's February 2007 Order denying cancellation of removal and (2) denied *sua sponte* Petitioners' January 2007 motion to remand. Petitioners challenge both holdings.

3

1.	With regard to Petitioners' March 2007 motion to reopen, we lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship.  8 U.S.C. § 1252(a)(2)(B)(i); *see Fernandez,* 439 F.3d at 600-01.  The 2007 Individualized Education Program concerned the same basic hardship grounds – ADHD and related learning disabilities – as the Petitioners' application for cancellation of removal, which the BIA then rejected as not so severe that Petitioners' son would suffer exceptional and extremely unusual hardship.  Both the 2004 and 2007 reports identify Petitioners' son's ADHD and related learning disability and recommend similar academic plans.

2.	Because the BIA should have addressed the January 2007 motion to remand in its February 2007 Order, it *sua sponte* reconsidered its February 2007 Order.  The BIA concluded that it "should have issued a short order dismissing [Petitioners'] appeal, . . . denying the motion to remand because the [Petitioners] did not make a prima facie case of eligibility for the relief sought."  Petitioners argue that the BIA abused its discretion in making this decision because it (A) denied the motion to remand, (B) did not consider the submitted evidence, specifically Dr. Greene's report, and (C) did not provide a reasoned explanation for its denial.

A.     Any error in denying the motion to remand the matter to the immigration judge is harmless because the BIA considered the additional evidence in denying the motion to remand.  *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).  While the BIA did not list the evidence it reviewed in the determination of the motion, it nevertheless noted that Petitioners did not make out a prima facie case of hardship, evidencing it had reviewed the documents.

B.     The information submitted in the motion to remand was cumulative evidence of the same basic hardship.  Although Dr. Greene's report regarding the Petitioners' son's ADHD and related difficulties provided greater detail than the 2004 Individualized Education Program, it did not identify a new hardship.  The report did not disagree with the Petitioners' son's diagnosis, but rather objected to the school district's "overly optimistic" view of Petitioners' son's abilities.  The report suggested that the school was failing to adequately address the son's disabilities in the 2004 Individualized Education Program as required by the No Child Left Behind Act and the Americans with Disabilities Act.  A disagreement on how best to address ADHD and related disabilities is not evidence of a new hardship but rather cumulative evidence regarding the original claim.   All of the evidence submitted involved the same underlying hardship grounds – ADHD and

related learning disabilities – previously denied, thus this court lacks jurisdiction to grant the motion. *See Fernandez*, 439 F.3d at 600-01.

C. Even if the BIA did not give a reasoned explanation for the denial, Petitioners' due process rights were not violated. The general rule requires the BIA to set forth an adequate explanation, *see Fernandez*, 439 F.3d at 603-04; however, when we lack jurisdiction because of the hardship allegations in the motion to reopen, we also lack jurisdiction to review a claim for inadequate explanation of the decision. *Id.* at 604. While the BIA did not specifically list all of the documents submitted in Petitioners' motion to remand, it (1) recognized that it failed to address the motion in its prior decision and thus reopened the matter *sua sponte* and (2) stated that it was "denying the motion to remand because the [Petitioners] did not make a prima facie case of eligibility for the relief sought." This is sufficient for us to determine that the BIA reviewed the documents and determined that it would not have altered its prior discretionary ruling. *See id.* at 603 (presumption exists that BIA adequately reviewed the record absent a showing to the contrary).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**